UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DeANGELO DOVE,

        Plaintiff,

v.                                     CAUSE NO. 3:21-CV-449-DRL-MGG

RON NEAL *et al.*,

        Defendants.

## OPINION AND ORDER

DeAngelo Dove, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotation marks and citation omitted).

Mr. Dove alleges Sergeant Charles Wilson subjected him to a cell shakedown on April 29, 2021, at the Indiana State Prison at the direction of Warden Ron Neal and Assistant Warden Douglas Wardlow. According to Mr. Dove, Sergeant Wilson's e-squad team approached his cell with their guns drawn and ordered him to strip naked. They then zip-tied his hands together, extracted him from the cell, and moved him to a new cell location that was "filthy" and "extremely unsanitary." ECF 1 at 2. Sergeant Wilson denied him cleaning supplies. When Mr. Dove asked Sergeant Wilson for his personal property from his old cell—including hygiene items, legal mail, clothing, and religious books—Sergeant Wilson said he had received direct orders from Warden Neal and Assistant Warden Wardlow that he was not allowed to have these items in his new cell. All he was "allowed to have was my mattress and a sheet including the clothes on my back." *Id*. Mr. Dove was not permitted to shower for seven days, nor was he given his personal property, religious books, or legal mail during that time. He claims these actions violated his First, Fourth, Eighth, and Fourteenth Amendment rights as well as Indiana Department of Correction Policy, so he has sued Warden Neal, Assistant Warden Wardlow, and Sergeant Wilson for monetary damages.

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. In general, determining whether a search is violative of the Fourth Amendment is a question of reasonableness and "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). With regard to prisons in particular, the Supreme Court

has held the Fourth Amendment's prohibition of unreasonable searches does not apply to those conducted "within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). However, an exception to that limited categorical rule has been recognized wherein "the Fourth Amendment protects (in a severely limited way) an inmate's right to bodily privacy during visual inspections, subject to reasonable intrusions that the realities of incarceration often demand." *Henry v. Hulett,* 969 F.3d 769, 779 (7th Cir. 2020). Accordingly, for prisoner claims relating to a strip or body cavity search, courts must consider "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id*. (quoting *Bell*, 441 U.S. at 559). These Fourth Amendment rights apply to both convicted prisoners and pretrial detainees. *Id*. "When evaluating reasonableness, in the context of strip searches of prisoners as in others, courts must afford prison administrators 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Id*. at 783 (quoting *Bell*, 441 U.S. at 547).

Here, Mr. Dove has not plausibly alleged a Fourth Amendment violation regarding the shakedown and search of his cell. With regard to the strip search specifically, he alleges he was ordered to strip naked in his cell. There is no indication the defendants inappropriately touched him during the process or made gratuitous or insulting comments. On the face of the complaint, the scope of the search was limited to a visual inspection as opposed to a cavity search. There is no indication the strip search lasted an inordinate amount of time. Accordingly, the sparse allegations set forth in the

complaint do not plausibly suggest his "severely limited" Fourth Amendment right to bodily privacy was violated. *Henry*, 969 F.3d at 779.[1]

As to the new cell Mr. Dove was moved to, the Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the court of appeals has explained:

---

[1] "Importantly, the Fourth and Eighth Amendments have different roles to play with respect to bodily searches and protect different categories of constitutional rights. The Eighth Amendment safeguards prisoners against the use of searches that correctional officers subjectively intend as a form of punishment." *Henry*, 969 F.3d at 781; *see also Chatman v. Gossett*, 766 Fed. Appx. 362, 364 (7th Cir. 2019) ("Strip searches of prisoners violate the Eighth Amendment if their purpose is 'maliciously motivated, unrelated to institutional security, and hence totally without penological justification.'") (quoting *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004) (internal quotation marks and citations omitted)). There is no indication in the complaint that the shakedown or strip search were maliciously motivated, conducted to inflict wanton pain, or instituted as a form of punishment without penological justification. Therefore, he has not stated any plausible Eighth Amendment claims pertaining to the search either.

4

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted).

Here, the complaint alleges the new cell was "filthy" and "extremely unsanitary," but Mr. Dove does not provide any additional details regarding why he believes that to be the case. He states he was denied cleaning supplies, but he does not indicate what specific supplies he was denied and why he needed them. He indicates he was provided with a mattress, a sheet, and the clothes on his body, but he does not allege the conditions of the cell were exceedingly cold or that the lack of additional bedding somehow affected him. In general, the sparse facts presented in the complaint do not describe a degree of uncleanliness necessary to support a constitutional violation, and Mr. Dove has not alleged how he, personally, was affected by any of the cell's conditions. These allegations are insufficient to state a claim without additional details. *See generally Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011) (noting that a plaintiff "must plead some facts that suggest a right to relief that is beyond the speculative level") (internal quotation marks and citation omitted); *Bissessur*, 581 F.3d at 602 (claim must have "facial plausibility" to survive dismissal); *see, e.g., Smith v. Dart,* 803 F.3d 304, 312 (7th Cir. 2015) (inmate failed to state a claim when he alleged the jail was infested with mice and

5

cockroaches but did not provide sufficient details which "left [the court] in the dark as to how extensive the infestations are and how the pests affect him").

Mr. Dove also says he was not allowed to shower for seven days, but even "restricting inmates to weekly showers does not violate the Eighth Amendment." *Conner v. Hoem*, 768 Fed. Appx. 560, 563–64 (7th Cir. 2019) (citing *Jaros v. Ill. Dep't of Corrs.*, 684 F.3d 667, 671 (7th Cir. 2012)). Accordingly, the claims regarding the lack of shower will be dismissed.

Mr. Dove further alleges he was denied his "religious books" and legal mail for seven days after he was placed in the new cell. Restrictions on religious and legal materials may violate an inmate's First Amendment rights in certain circumstances; however, those rights can often be appropriately limited by prison officials. *See Gonzalez v. Litscher*, 79 Fed. Appx. 215, 217 (7th Cir. 2003) ("Although it is true that an inmate's right to freely exercise his religion does not stop entirely at the prison door, that right is not unfettered.") (citing *Tarpley v. Allen County, Ind.*, 312 F.3d 895, 898 (7th Cir.2002)); *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) ("[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed.").

In this case, Mr. Dove has not provided any details as to what type of religious books he was not permitted to have in his cell for the short time-period in question, nor has he provided facts to suggest he was prevented from practicing his religion as a whole. In that same vein, he has not provided any details as to the type and content of the legal

6

mail he was allegedly prohibited from having, nor has he suggested that a potentially meritorious legal claim was prejudiced as a result. Thus, he has not stated any plausible First Amendment claims.

Finally, Mr. Dove states the defendants' actions violated Indiana Department of Correction Policy. He does not state what policy was allegedly violated. Even if he had, policy violations do not amount to constitutional violations. *See Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations"); *Conner v. Hoem*, 768 Fed. Appx. 560, 564 (7th Cir. 2019) ("In any case, the Constitution does not require state actors to enforce their own policies and regulations.") (citing *Garcia v. Kankakee Cty. Hous. Auth.*, 279 F.3d 532, 535 (7th Cir. 2002)). Mr. Dove thus has not stated a claim by alleging that the defendants failed to follow their own policies.

This complaint does not state any claims for which relief can be granted. Nevertheless, Mr. Dove may file an amended complaint if he believes he can state a claim based on (<u>and consistent with</u>) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form that is available from

7

his law library. After he properly completes that form by addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS DeAngelo Dove until **May 30, 2022**, to file an amended complaint if he so chooses; and

(2) CAUTIONS DeAngelo Dove if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

May 3, 2022                                                      *s/ Damon R. Leichty*
                                                                 Judge, United States District Court